AMELIA THOMAS *et vir*, Respondents, v. CONCORDIA, CANNERY COMPANY, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. Nuisance: PLEADING: PETITION. The petition in this case states fully and completely every substantial fact required to sustain the charge that defendant had created a nuisance on plaintiffs' property, and it is not necessary to charge that the acts were unlawfully or wrongfully done.

2. ———: ———: STRIKING OUT. Allegations put in issue by the petition and general denial, when further set out in either answer or reply, may be stricken out or not, without error, especially when on the trial the whole ground is gone over in evidence.

3. ———: WAIVER. In this case there was no waiver by the plaintiffs by reason of their conduct.

4. ———: WATER COURSE: NOXIOUS MATTER. When noxious matter from a factory is conveyed by a sewer into a hollow or ravine and produces a nuisance injuring the plaintiff, it is immaterial whether the said ravine contained a water course within the legal import of that term or not, or whether the noxious matter was carried down the ravine by a violent rainstorm or by water in the ravine.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Alexander Graves* and *John S. Blackwell & Son* for appellant.

(1) The court committed error in refusing to sustain defendant's demurrer to plaintiffs' amended petition because said petition failed to state a cause of action in this, that it failed to charge that the acts complained of were done either negligently, unlawfully, maliciously, knowingly, or willfully. An actionable nuisance is anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights. It was therefore necessary for the plaintiffs in petition to allege that the acts complained of were either negligently, unlawfully, maliciously, knowingly, or willfully done. In support of such contention the appellant submits the following authorities: *Andrews v. Lynch*, 27 Mo. 167; *Moore v. Perry*, 61 Mo. 175; *Conway v. Reed*, 66 Mo. 351; *Walen v. Keith*, 35 Mo. 88; *Garner v. McCullough*, 48 Mo. 318; *Robinson v. Railroad*, 18 Mo. App. 185; Greenleaf on Evidence, sec. 613; 2 Chitty, 771 at bottom; *Railroad v. Carr*, 38 Ohio St. 453; Cooley on Torts, 565. (2) The plaintiffs waived their cause of action, if any they had, by standing by and observing all the acts complained of in the petition and making no objection thereto. They had full knowledge that defendant at large ex-

pense was erecting cannery buildings for the purpose of canning corn and tomatoes, and they had full knowledge and notice that the pipe running from said cannery was to be used for the purpose of carrying away the juice from the same, and they had full knowledge and notice that part of the refuse matter was being scattered on the Koppenbrink land for the purpose of filling up the depressions thereon. They stood by and acquiesced in the erection of the buildings and the laying of the pipe and the scattering of the refuse matter on the Koppenbrink land and it is too late now to complain. *Hulme v. Shriner*, 4 N. J. Equity, 124; *Gregory v. Layton*, 31 Am. St. Rep. 858; *Taylor v. Zepp*, 14 Mo. 344; *Barnard v. Sherley*, 41 Am. St. Rep. 454. (3) The court committed error in sustaining plaintiffs' motion to strike out parts of defendant's answer. All of these allegations stricken out by the court were matters of material and affirmative defense and the court committed error in striking out the same. *Barnard v. Sherley, supra; Losee v. Buchanan*, 51 N. Y. 476; 10 Am. Rep. 623, and authorities cited. *Gibson v. Puchta*, 33 Cal. 310. (4) The court committed error in overruling defendant's motion to strike out of plaintiffs' reply all the new matter therein alleged for the reason that said new matter moved to be stricken out constituted a departure from the allegations of the petition in material matter. R. S. 1889, sec. 2039; *Lemon v. Chanslor*, 68 Mo. 341; *State ex rel. v. Griffith*, 63 Mo. 548; *Huston v. Scale Works*, 56 Mo. 416; *Schneider v. Meyer*, 56 Mo. 475, at page 478. (5) The second count of plaintiffs' petition states no equities. Said second count fails to state a cause of action either at law or in equity. In support of this contention defendant cites authorities given under point 1, of this brief; also, 2 Story Equity Juris. [10 Ed.], secs. 925, 925 (*c*), 925 (*e*), and 925 (*f*). The

defendant, with the consent of Koppenbrink, had the right to deposit on Koppenbrink's land a part of the refuse matter from its cannery to fill the depressions in said land to any extent required for its good management or improvement, and unless such refuse matter so deposited on said Koppenbrink land was carried on to the Thomas land by the negligent or wrongful conduct of defendant, its agent and employees, then the plaintiffs can not recover damages on their count at law nor have defendant perpetually enjoined on their count in equity. Bishop on Noncontractual Law, sec. 898, p. 413. (6) There is not a particle of evidence in this cause to sustain the allegation of plaintiffs' petition that there was a branch on the land of plaintiffs, nor is there any evidence in the cause to show that there was any water of any kind on that part of plaintiffs' land upon which the rainstorm washed the refuse from the Koppenbrink land. *Hoester v. Hemsath,* 16 Mo. App. 485, at bottom of page 489; *Byrne v. R. R.,* 47 Mo. App. 383, bottom of page 387; *Imler v. City of Springfield,* 55 Mo. 119; *Benson v. R. R.,* 78 Mo. 504; *Rychlicki v. City of St. Louis,* 98 Mo. 497.

*Wallace & Chiles* for respondents.

(1) There was no error in the court below in its overruling defendant's demurrer to plaintiffs' amended petition. This amended petition in both its first and second counts stated facts sufficient to constitute a cause of action in each count. *Ellis v. Railroad,* 63 Mo. 131; 3 Black, Com. per Chitty, sp. 4-5; also 215, chap. 8. of Nuisance. So that nuisance, *ex vi termini,* imports a wrongful injury. *Smiths v. McConathy,* 11 Mo. 517; R. S. 1889, sec. 2038; Bliss on Code Pleadings, sec. 151; *Biddle v. Ramsey,* 52 Mo. 153, 158; *Pomeroy v.*

VOL. 68 app—23

*Benton*, 57 Mo. 531, 550; R. S. 1889, sec. 2100; *Elfrank v. Seiter*, 54 Mo. 134; 2 Greenleaf on Evidence [2 Ed.], secs. 465, 471; 1 Burr. 333; 5 Esp. C. 217; Bouvier Law Dict., title "Nuisance," and cases cited; Wood on Nuisances, sec. 599; *Beckley v. Skroh*, 19 Mo. App. 75 at 79; Wood on Nuisances, sec. 600; *Bobb v. Taylor*, 25 Mo. App. 582 at 586; *Dyer v. Whittler*, 89 Mo. 81 at page 97; *McGaven v. Railroad*, 23 Mo. App. 203 at 208; *Meyer v. Tamm*, 11 Mo. App. No. 2161, page 599*; 3 Blk. Com. [19 London Ed.] pp. 4, 5; *Jarvis v. Railroad*, 26 Mo. App. 253 at 260; *Ellis v. Railroad, supra; O'Bryan v. Allen*, 95 Mo. 73, 74; *Barns v. Bullock*, 129 Mo. 117 at 120; *Crockett v. Morrison*, 11 Mo. 3 at pp. 8 and 9; *Bledsoe v. Simms*, 53 Mo. 305-309; *Dale v. Faure*, 43 Mo. 555-557; *Norfleet v. Russell*, 64 Mo. 176, at 178; 179; R. S. 1889, sec. 8922; *Brick Works v. Thompson*, 59 Mo. App. 98; Toovey v. Baxter, 59 Mo. App. 470; *Pinney v. Berry*, 61 Mo. 359 at 366; *Freudenstein v. Heime*, 6 Mo. App. 287. Proof of the existence of the nuisance is sufficient. *Ibid.*, 289; *Brownlee v. Fenwick*, 103 Mo. 420-424; *Paddock v. Somes*, 102 Mo. 226. (2) The second or equity count of plaintiffs' amended petition contains not only all the allegations of the first or law count, but other averments entitling them to injunctive relief. 2 R. S. 1889, secs. 5491, 5496, 5510; *Bank v. Kercheval*, 65 Mo. 682; *Echelkamp v. Schrader*, 45 Mo. 505; *Weigel v. Walsh*, 45 Mo. 560; *Towne v. Bowers*, 81 Mo. 491; *Downing v. Dinwiddie*, 132 Mo. 92, 99, and p. 101; *Paddock v. Somes*, 102 Mo. 227 at 235, 236, and cases there cited. 2 Story's Equity Jur. [4 Ed.], secs. 925, 926 and note 3 and cases there cited. *Bonaparte v. Railroad*, 1 Baldwin's Cirt. R. 231; *Turnpike Co. v. Miller*, 5 Johns, Chy. R. 101-111; 2 Story's Eq. Jur. [4 Ed.], secs. 927, 928; *Glaessner v. Brewing Ass'n*, 100 Mo. 508-515; *Paddock v. Somes*, 102 Mo. 238;

Wood's Law of Nuisances [2 Ed.], 105, and cases cited. *Rychlicki v. St. Louis*, 98 Mo. 497, and cases cited. *Biddle v. Ramsey*, 52 Mo. 158; *Pomeroy v. Benton*, 57 Mo. 531 at 550; *Elfrank v. Seiter*, 54 Mo. 134 at 136; *Tootle v. Clifton*, 22 Ohio, 247; *Watson v. Van Meter*, 43 Iowa, 76; *Elfrank v. Seiter*, 54 Mo. 134 at 137; *Scovill v. Glasner*, 79 Mo. 454; *Fuggle v. Hobbs*, 42 Mo. 538-541; *Holiday v. Jackson*, 21 Mo. App. 660 at 664.

GILL, J.—This is an action for damages arising from an alleged nuisance created by the defendant, coupled with a count in equity praying an injunction to restrain defendant from continuing said nuisance. The count at law was tried by jury, resulting in a verdict for $25 in plaintiff's favor; a trial by the court of the injunction branch resulted likewise in a judgment for plaintiff, and defendant appealed.

Since September, 1892, the plaintiff is and has been the owner and in the possession of forty acres of land, the south line of which comes within about eight hundred feet of defendant's canning establishment, which was erected and supplied with the necessary machinery in the early part of the year 1894. The business of canning and preserving vegetables, including tomatoes, corn and other products, was begun by the defendant about the first of August, 1894.

The petition alleges: "that in conducting such canning business by the defendant, there has been, and still is being produced a large amount of slops, refuse matter, waste water, decayed vegetables, spoiled cans, and spoiled canned products, corn cobs, shucks, tomato skins, and other waste matter, and that defendant, instead of retaining such refuse matter, slops, waste water, and substances on its own premises, or burning, burying, or otherwise disposing of them on its own premises, has since said commencement and during the

continuance of such canning operations, turned the same upon the land and premises of one Koppenbrink, which adjoins the premises of plaintiffs, from which, not being restrained, cared for, or disposed of by defendant, the same runs upon the said forty acre tract of plaintiffs, whereby such slops, waste water, refuse matter, decayed vegetables, spoiled corn, spoiled tomatoes, corn cobs, tomato skins, spoiled cans, and other refuse and offensive matter have been emptied upon and caused and permitted by defendant to run upon the said forty acre tract of land and into a branch or ravine thereon, thereby damaging said land and injuring the water in said branch and upon said lands and rendering such water unfit for stock and other purposes, thereby compelling the plaintiffs to procure water for their stock elsewhere at great cost of time and trouble, making the said premises stinking and unwholesome for their stock, destroying the grass and vegetation and preventing the free and full use thereof for farming and pasturing purposes, and interfering with the proper enjoyment of the same by plaintiffs on account of the fetid and offensive smell of such refuse matter, whereby plaintiffs are damaged," etc.

It seems that one Koppenbrink owned the land between the defendant's canning establishment and plaintiffs' property, and that the company was permitted to use Koppenbrink's land for dumping the refuse matter, decayed vegetables, waste water, slops, etc., from the cannery. The land immediately north of the cannery was a little higher than at the building. It then sloped north, so that water or refused matter would flow north over and into a ravine or branch and thence on further north across plaintiffs' forty acres, which was lower still than the land of Koppenbrink.

It seems that from this canning business there accumulated a large amount of stale and decayed

tomatoes, corn cobs, shucks, slops and surplus water from the tomatoes. Witnesses say that the factory used daily five hundred to one thousand bushels of tomatoes and that about one half of this bulk was composed of the red juice or water, which had to be disposed of. When the cannery first began business, this surplus juice, water, etc., was permitted to escape at the building and would pass off to the south or southeast. After operating two or three weeks, the company constructed a sewer of six-inch pipe, running north across and beneath the surface of the Koppenbrink land and discharged the same into the ravine which led north across plaintiffs' forty acres. Through this sewer all slops and liquid matter from the cannery were permitted to escape. In addition to this, the evidence for plaintiffs tends to prove that eight or ten wagon loads of rejected vegetables, refuse matter, spoilt canned goods, etc., were by the defendant daily hauled and dumped into this hollow or branch, at and below the outlet of the sewer. The testimony in plaintiffs' behalf further shows that when the cannery was in operation, this liquid and slop flowed continuously from the end of the sewer down the ravine and entirely through the plaintiffs' pasture, entirely destroying pools of water collected there for stock and making it generally offensive for man and beast. And when the rains came, the vegetable matter, consisting of stale tomatoes, spoilt canned goods, slops, etc., was carried onto plaintiffs' premises and resulted in the character and extent of damages as set out in the petition.

We have examined the several points made by the defendant in relation to the pleadings and find in none of them any substantial merit. The pleadings on both sides were unnecessarily lengthy and somewhat prolix. And while the court may have stricken out allegations that of themselves were not really objectionable, still

ample remained to cover every substantial matter in issue.

At the oral argument and in brief, defendant's counsel charge that the petition failed to state facts sufficient to constitute a cause of action, in that it was not alleged "that the acts complained of were done either negligently, unlawfully, maliciously, knowingly, or willfully." In view of the liberal rules that should attend the construction of pleadings under the code, we think the objection not well founded. Litigants are directed by our code of civil procedure to make "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition" (section 2039); that "no allegation shall be made in a pleading which the law does not require to be proved, and only the *substantive facts* necessary to constitute the cause of action or defense shall be stated" (section 2055). The courts are also admonished that "in the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." Section 2074. And that the appellate courts "shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action." Section 2303.

In the case we have here, the plaintiff stated fully and completely every substantial fact required to sustain the charge that defendant had created

NUISANCE: pleading: petition. a private nuisance to plaintiff's property.

It was not necessary to charge that the acts were *unlawfully* or *wrongfully* done; it was only necessary to allege such *substantive facts* which the law would say were unlawful or wrongful. As to whether or not the acts complained of constituted a

nuisance, and were therefore unlawful or wrongful, was a question of law to be passed on by the court. As well said by Judge Bliss in his work on Code Pleading, section 151: "The cause of action is the wrong that has been suffered, and the *facts* that show the wrong, show the cause of action; they are the facts to be found; and, upon principle, they are the facts to be stated by the pleader."

The portions of the answer stricken out on plaintiff's motion were largely argumentative—allegations and repetitions of facts already put in issue by the petition and general denial and therefore unnecessary. Besides, the court, it seems, permitted all these matters to be gone into at the trial; and even then, if it was error to strike out these allegations, it is clear that the defendant was not injured thereby.

So, too, it may be said of the court's refusal to strike out part of the reply. The allegations objected to did not in fact constitute new matter, nor was the reply a departure from the cause of action set out in the petition. It was, at most, an unnecessary elaboration of the allegations already made; and since, too, it appears that in the introduction of evidence both parties went over the entire field covered by the reply, it must be seen that these unnecessary allegations in the reply did no harm.

In defendant's brief it is claimed that, notwithstanding an actionable nuisance may have been created on plaintiff's land, yet she waived the same in that she "stood by without complaint and acquiesced in the erection of the buildings, the laying of the pipe and the scattering of the refuse matter on the Koppenbrink land." There is neither fact nor theory of law or equity to furnish a basis for this defense. There was

——: waiver.  nothing whatever, as shown by the evidence, in the conduct of Mrs. Thomas or her husband, that can be construed into an assent or encouragement to commit the nuisance now complained of. In the first place the plaintiff testified (and she is not contradicted) that she had no knowledge of the construction of the sewer until after it had been completed and the filthy matter discharged therefrom had begun to flow over her premises. Her husband, it seems, saw the laborers engaged in laying the pipe, but there is no claim that he understood at the time that the defendant intended to use it as a conduit to lead the noxious slops onto his wife's farm. The location of the drain pipe did not of itself convey notice that such was the intention.

Defendant's counsel make the point that the ravine into which the drain was constructed and the slops and decayed matter were dumped, did not constitute a regular water course. In the light of the evidence adduced ——: water course: noxious matter. at the trial, it is a question of doubt whether or not there existed in the hollow where the sewer emptied a water course within the legal import of that term. Nor is it material whether or not it was a water course, or a mere draw, or ravine, that carried away surface water. It is sufficient that it took up the stream of polluted water and noxious matter coming from the cannery through the sewer and carried the same down through plaintiff's pastures, befouling her stock water and rendering her land uncomfortable for occupancy and use.

Neither can defendant escape liability on the claim that this refuse matter and decayed vegetables were carried down the ravine and onto plaintiffs' land by force of a violent rainstorm—a damage from which, counsel say, defendant is not liable. For, whether the damage is attributable to the acts of the defendant

alone, or to such acts jointly with that of the rainstorm, it is still liable for the damage done. But the evidence satisfactorily shows that this obnoxious tomato juice and slops flowed from the mouth of the sewer entirely through plaintiffs' land, even when unaided by surface water.

Some general objections are made to the court's instructions in submitting the damage count to the jury. We have examined them in detail and find no reason to condemn or even criticise them. They were entirely fair to both sides.

After a careful consideration of this entire record, we feel constrained to declare that the plaintiffs have a meritorious case, that the judgment on both counts is for the right party, and must be affirmed. All concur.