WILLIAM A. HOFFMAN, Respondent, v. MICHAEL WALSH, Appellant.

Kansas City Court of Appeals, February 5, 1906.

1. **NEGLIGENCE: Nuisance: Blasting.** Blasting rock cannot be regarded as a nuisance *per se* and condemned as being negligent as a matter of law, but it is a work which one proprietor may lawfully do upon his own land provided he takes care to avoid injuring persons or property in the vicinity, but subject to pay for any injury done in case the blasting involves a direct invasion of adjacent premises. Cases considered and distinguished.

2. ————: ————: ————: **Liability.** A contractor in excavating a sewer for a city was compelled to blast and one of the blasts threw a rock which injured a brick mason employed in his vocation some five hundred feet away. *Held*, the contractor had a right to blast the rock and in general was only liable for injury in case of negligence in setting off the blast, but, moreover, he was liable for any injury which was the direct consequence of throwing stone upon the premises where the brick mason was at work, and this without regard to whether he was negligent or not.

3. ————: ————: **Pleading: Proof: Instructions.** A petition alleged that a contractor was guilty of negligence in failing to cover a blast and in using a powerful explosive and in failing to warn of the danger. The trial court disregarding such allegations submitted the case on the theory that defendant was liable

if the rock was thrown out by the blast. *Held*, the allegation of negligence was superfluous and proof of the explosion injuring plaintiff was proof of the negligence, and the rule that specific acts of negligence must be proved as alleged is not applicable.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) There is no evidence that the rock which struck the plaintiff came from the place where the defendant was blasting. Hite v. Railroad, 130 Mo. 132; Stokes v. Burns, 132 Mo. 214; Oglesby v. Railroad, 150 Mo. 137; May v. Crawford, 150 Mo. 504; Cathcart v. Railroad, 19 Mo. App. 113; Summerville v. Railroad, 29 Mo. App. 148; Peck v. Railroad, 31 Mo. App. 123; Smillie v. Dollar Store, 47 Mo. App. 402; Hays v. Railroad, 51 Mo. App. 438; Gerrons v. Wenger, 51 Mo. App. 615; Glick v. Kansas City, 57 Mo. App. 97; Smart v. Kansas City, 91 Mo. App. 586; Asphalt Co. v. Transit Co., 102 Mo. App. 469; Holland v. Railroad, 105 Mo. App. 117; Morelock v. Railroad, 87 S. W. 5. (2) There is no evidence that the defendant was negligent, and, therefore, the plaintiff is not entitled to recover. Gurley v. Railroad, 93 Mo. 445; Brannock v. Elmore, 114 Mo. 55; Bartley v. Railway, 148 Mo. 124; Feary v. Railroad, 162 Mo. 75; Turner v. McCook, 77 Mo. App. 196; Mitchell v. Prange, 110 Mich. 78, 67 N. W. 1096, 34 L. R. A. 182, 64 Am. St. Rep. 329; Simon v. Henry, 62 N. J. L. 486, 41 Atl. 692; Murphy v. Lowell, 128 Mass. 396, 35 Am. Rep. 381; Mills v. Railway, 1 Marv. (Del.) 269, 40 Atl. 1114; Earle v. Arbogast, 180 Pa. St. 409, 1 Am. Neg. Rep. 677; Voight v. Car Co., 112 Mich. 504, 2 Am. Neg. Rep. 725; Walker v. Railroad, 71 Ia. 658; Driscoll v. Line Company, 37 N. Y. 637, 97 Am. Dec. 761. (3) The court gave no instruction to the jury on the negligence alleged in the plaintiff's petition. Carder v. Primm, 60 Mo. App. 423; Cultivator Co. v. Rail-

road, 64 Mo. App. 305. (4) The court erred in giving to the jury plaintiff's instruction numbered 1. Railroad v. Burnett, 80 Tex. 536; Jones v. Roberts, 37 Mo. App. 163; Winter v. Supreme Lodge, 96 Mo. App. 1.

*L. A. Laughlin* for respondent.

(1) The first objection urged by defendant is that there is no evidence that the rock which struck plaintiff came from the place where defendant was blasting. The authorities cited by defendant under this head are not blasting cases, consequently, they are valueless. Railroad v. Bernstein, 113 Ga. 175. (2) An examination of the cases shows that the courts of this country are unanimous on the proposition, that where rocks and earth are thrown by blasting on the lands of another, that the party doing the blasting is liable without regard to the question whether he was negligent or not. Where the injury is caused by concussion or vibration there is a difference of opinion. Hay v. Cohoes Co., 2 N. Y. 159; Tremain v. Cohoes Co., 2 N. Y. 163; St. Peter v. Dennison, 58 N. Y. 416; Sullivan v. Dunham, 161 N. Y. 290. The evidence shows clearly that this blast was exploded in a thickly settled portion of the city. We are of the opinion that no degree of care will excuse a person, where death was caused by such explosion, from responsibility for it. Wright v. Compton, 53 Ind. 337; Tiffin v. McCormick, 34 Ohio St. 638; Carman v. Railroad, 4 Ohio St. 399; Railroad v. Eagles, 9 Colo. 544; Scott v. Bay, 3 Md. 431; Colton v. Onderdonk, 69 Cal. 155; Joliet v. Harwood, 86 Ill. 110; Fitzsimmons & Connell Co. v. Braun, 199 Ill. 390; Longtin v. Persell, 30 Mont. 306. (3) Defendant says that the court gave no instruction to the jury on the negligence alleged in the petition. This action was begun before a justice of the peace and the pleadings are to be liberally construed. The statement alleges that the blast was not properly covered. This was a general al-

legation of negligence. Proof that the rock which struck plaintiff came from the blast necessarily proved that the defendant did not properly cover it. Besides there was direct evidence of defendant's witnesses that it was not properly covered.

BROADDUS, P. J.—The plaintiff sues for damages, the result of an injury alleged to have been caused by the act of defendant. In July, 1904, he was engaged at his occupation as a bricklayer on the residence of S. H. Vaile at Forty-fifth street and Warwick boulevard, Kansas City, Missouri. The defendant, a contractor, was blasting rock in making an excavation for a sewer under a contract with said city, at a distance of about five hundred feet south of the place where plaintiff was working on a scaffold, on the inside of the west wall of said residence with his face to the west. While plaintiff was stooping and handling a brick, the defendant's employees set off an explosion in the rock in the trench and immediately a piece of rock struck him in the back severely injuring him. It was shown that the rock that struck the plaintiff resembled the rock that defendant was engaged in blasting and that there was other evidence that it came from that locality.

The defendant introduced evidence tending to prove that the rock that struck plaintiff was not thrown by the said blast and defendant took reasonable and proper precaution to prevent the escape of rock and other debris from the trench when the blast was made. The trial resulted in a judgment for plaintiff, and defendant appealed. Under the evidence, the court was asked to direct a verdict for the defendant, which the court refused. The principal contention of defendant is that the court in refusing to direct a verdict in his favor committed error. Many authorities are cited by the defendant going to show, as a rule, that, where one person is injured by another, the latter is not liable to the former if he was in the exercise of due care when the injury was

inflicted. The plaintiff, in that respect, does not take issue with defendant, but says that they have no application under the facts of this. case.

In Hay v. Cohoes Co., 2 Comstock (N. Y.) 159, it was shown that "The defendant, a corporation, a corporation, dug a canal upon their own land for the purposes authorized by their charter. In so doing, it was necessary to blast rocks with gunpowder, and the fragments were thrown against and injured the plaintiff's dwelling upon lands adjoining." It was held that "The right of the owner of lands to the enjoyment thereof is qualified by the right of others. Thus he may pursue any lawful trade, but he cannot create a nuisance to the premises of another; so he may did a canal, but in so doing he has no right to blast rocks with gunpowder so as to cast them upon the premises of another." And, "That the defendants were liable for the injury although no negligence was shown or want of skill in executing the work was alleged or proved." In Tremain v. Cohoes Co., Id., 163, the plaintiff's property was injured by defendant in the same manner as was shown they injured plaintiff's property in the Hay case. Defendants, on the trial, offered to prove that the work was done in a careful manner, but were not permitted to do so. The appellate court affirmed the action of the lower court and reaffirmed the law announced in the Hay case. In Sullivan v. Dunham, 161 N. Y. 290, the facts were that, while deceased was traveling along a public highway, he was killed by a section of a tree thrown from abutting property by an explosion. The court stated the question for decision as follows: "The main question presented by this appeal is whether one, who, for a lawful purpose and without negligence or want of skill, explodes a blast upon his own premises and causes a piece of wood to fall upon a person lawfully traveling in a public highway, is liable for the injury thus inflicted.". The court answers the question. by accepting the law of the Hay case and said: "It rests upon principle founded in pub-

lic policy, that the safety of property generally is superior in right to a particular use of a single piece of property by its owner. It renders the enjoyment of all property more secure by preventing such a use of one piece by one man as may injure all his neighbors. It makes human life safer by tending to prevent the landowner from casting, either with or without negligence, a part of his land upon the person of one who is where he has the right to be. . . . It lessens the hardship by placing absolute liability upon one who causes the injury." The rule was followed in St. Peter v. Denison, 58 N. Y. 416.

In Munro v. Dredging Co., 84 Cal. 515, the explosion was in a thickly settled portion of the city of San Francisco. The court held that no degree of care will excuse a person from responsibility where death was by such explosion. The New York cases are supported by Wright v. Compton, 53 Ind. 337; The City of Tiffin v. McCormick, 34 Ohio St. 638; Carman v. S. & I. R. Co., 4 Ohio St. 399; Railroad v. Eagles, 9 Col. 544; Bradford Co. v. St. Marys Co., 60 Ohio St. 560; Fitzsimons & Connell Co. v. Braun & Fitts, 199 Ill. 390; The City of Joliet v. Wm. Harwood, 86 Ill. 110.

The appellant cites the following as authority for his position that he is only to be held to the exercise of reasonable care. In Murphy v. City of Lowell, 128 Mass. 396, it was held that "A city, having the legal right to construct sewers in its streets, is not liable in tort for all damages that may be caused by the blasting of rocks, necessary in such construction, but only for such damages as are occasioned by the carelessness or unskillfulness of its agents doing the work." Walker v. Railroad, 71 Iowa 658, was a case where defendant had, as carrier, received and hauled to its terminus a carload of dynamite, which the connecting carrier failed to receive. The defendant placed the car on one of its side tracks, where it exploded and injured plaintiff's property a half mile away. The court held that the company had the right

to store the car of dynamite at some place in its yards and that the burden of proof was upon the plaintiff to show negligence. In Klepsch v. Donald, 4 Wash. 436, it was held that "Blasting in a certain locality is not unlawful and the fact that a man was killed by a rock thrown by a blast between 940 and 1200 feet in a horizontal direction constitutes only a prima facie case of negligence, which may be rebutted by showing due care upon the part of those discharging the blast." In Mills v. Railroad, 1 Marvel, 269, it was held that "Blasting rock on or near a public highway is in itself dangerous work, and persons engaged therein must use care in proportion to the danger." In Simon v. Henry, L. R. N. J. 486, the case was where "The defendants, having contracted with the municipal authorities to construct a public sewer, used dynamite to blast trap-rock in making the necessary trench. The plaintiffs claimed that the concussion resulting from the blast cracked the walls of their building standing on the side of the street. Held, that if the defendants exercised reasonable care and skill in the use of the explosive, they were not responsible for the damage alleged." In Brannock v. Elmore, 114 Mo. 55, it is held that "It is actionable negligence to violate an ordinance, which prohibits blasting of rock without first covering it with timber." The latter is the only case in this State that seemingly has any application to the question. In fact, we do not think it has any, as it was merely to recover damages for injuries resulting from a violation of a municipal ordinance.

It is contended by defendant that the rule in Hay v. Cohoes Co., and Tremain v. same, supra, has been applied only to injuries to real property from casting rock and dirt thereon as the result of blasting, except in the case of Wright v. Compton, supra; and that, therefore, it does not apply to injuries to persons and, to support the argument, cites the case of Losee v. Buchanan, 51 N. Y. 476, wherein the court uses this language: "The damage in the Cohoes cases was the necessary conse-

quence of just what the defendant was doing." The question decided was that "Where one places a steam boiler upon his premises and operates the same with care and skill, so that it is no nuisance, in the absence of proof of fault or negligence on his part, he is not liable for damages to his neighbor occasioned by the explosion of the boiler." The court very properly distinguished the case from that of the Cohoes cases. The use of a steam boiler upon one's premises is not the establishment of a nuisance. The damage to plaintiff was not "the necessary consequence" of defendant's act in placing the boiler upon his own premises, which was a lawful act and tended in no way to injure his neighbor unless he was guilty of negligence in selecting an unsafe boiler or in using it in an unskillful or careless manner. The opinion is an able one and reviews many of the cases, not only of this country but also of England. The object of the writer appears to have been to make clear the distinction between cases of nuisance or trespass, where the injury is the necessary consequence of the act itself, without regard to the question of negligence, and where there is neither trespass nor nuisance and the injury is not the direct consequence of the act itself, that the wrong consisted not in the doing of the act, but in the manner in which it may be done.

The question is considered in Thompson's Commentaries on the Law of Negligence. After stating that the authorities are not harmonious on the question, he says that the "far greater number proceed upon the enquiry whether there was negligence in doing the work at all, in the place where, and at the time when, it was done—that is to say, whether the work was a nuisance, and consequently in theory of law negligence *per se*." And further, "It is obvious upon a moment's reflection that the work of blasting rocks, being an absolute necessity in excavating through beds of rock, in mining, in digging wells, in excavating foundations for buildings, in improving roads and streets, in digging

canals, and in building railways, cannot under all circumstances be regarded as a nuisance *per se* and condemned as being negligent as a matter of law. On the other hand, it must be regarded—and the decisions so regard it—as a work which one proprietor may lawfully do upon his own land, provided he takes due care to avoid injuring persons or property in the vicinity, *and subject to his obligation to pay damages for any injury which he does in case his blasting involves a direct invasion of the premises of an adjacent proprietor."*

We take it that the true rule is stated in the Cohoes cases and the italicized quotation from Mr. Thompson's work on Negligence. And that the rule, as so stated, applies to the case at bar. That the plaintiff had the right to blast the rock, in order to make a trench for the sewer, cannot be denied and, as to any injury resulting therefrom to persons and property, generally speaking, he was only liable in case he was negligent in setting off the blast, which threw out the stone in question. But he was liable for *any injury,* which was the direct consequence of throwing said stone upon the premises of the owner where plaintiff was at work when he was struck by the stone, whether the defendant was negligent or not. And it can make no difference whether the injury in such cases is to the owner or his employee. It would be against every conception of right reason to hold that one proprietor can blast rock upon his own premises and throw them upon that of his neighbor and excuse himself on the ground that he was in the exercise of due care in so doing. It amounts to a plea of justification for the trespass. That is, that the trespass or nuisance was done without negligence, but with care and skill.

The petition alleges that defendant in causing the explosion was guilty of negligence in failing to cover the blast, so as to prevent fragments of rock being thrown through the air, in using too powerful an explosive considering the surroundings, and in failing to warn

plaintiff of the danger that threatened him. The court disregarded the allegations of negligence in its instructions and submitted the case upon the theory that, if the fact was established that the rock that struck plaintiff was thrown out by the blast in question, defendant was liable, without reference to the question of negligence. Notwithstanding plaintiff alleged negligence, it was not necessary to prove it in order to recover, the allegation being superfluous. Besides, proving that the explosion under the circumstances injured plaintiff, was proving negligence. The law characterizes the act as negligence, *per se*. The case does not fall within the rule that, where specific acts of negligence are alleged, the plaintiff is restricted to his allegations in making out his case. It comes under the different rule that, where it is not necessary to allege negligence, it is not necessary to prove it.

The defendant has seriously contended throughout that there was no evidence showing that the rock that struck plaintiff came from the alleged blast. We think differently. Every reasonable probability shows that it could have come from no other cause.

And we are persuaded that the rule adopted is a just one, as it will in a measure secure the safety of persons and property. And we further believe it is entirely practicable, if proper caution is exercised, that all such work may be carried on successfully without detriment to persons or property.

For the reasons given, the cause is affirmed. All concur.