HELEN JACKSON, Appellant, v. A. P. GREEN FIRE BRICK COMPANY, a Corporation, Respondent.*

St. Louis Court of Appeals. Opinion filed May 4, 1926.

1. **NUISANCES: Negligence: Pleading: Plaintiff Not Required to Plead Nor Prove Negligence.** In an action for damages as a result of injuries to plaintiff's property alleged to have been sustained by the creation or maintenance of a nuisance, in that defendant, in making certain excavations of fire clay, permitted smoke, vapor and fumes to escape from its steam shovels, which were poisonous, *held* that plaintiff was not required to plead negligence in such case nor to show that the acts complained of were unlawful, or negligently done.

2. **NEGLIGENCE: Pleading: Specific Allegations: Evidence.** Where it is necessary to show negligence in order to entitle one to recover damages, plaintiff must prove the specific acts of negligence charged in the petition, and, also, where the petition charges both general and specific negligence, plaintiff must recover upon the specific negligence pleaded, if a recovery be had.

219 Mo. App.—44.

3. **PLEADING: Nuisance Case: Amendments: Permissible.** In an action for damages as a result of injuries sustained by the creation or maintenance of a nuisance and it was not necessary for plaintiff to show negligence to make her case, she should have been permitted to amend her petition by striking out the words "carelessly, negligently, and unlawfully" as requested, as it is the rule to allow amendments, and the exception to refuse them, and in this character of case the amendment was permissible.

*Corpus Juris-Cyc. References: Negligence, 29 Cyc., p. 587, n. 57. Nuisances, 29 Cyc., p. 1155, n. 23; p. 1160, n. 55; p. 1263, n. 1; p. 1264, n. 21. Pleading 31 Cyc., p. 367, n. 1; p. 445, n. 40.

Appeal from the Circuit Court of Audrain County.—*Hon. Ernest S. Gantt,* Judge.

REVERSED AND REMANDED.

*Clarence A. Barnes* for appellant.

(1) The plaintiff should have been permitted to amend her petition. The amendment requested merely sought to strike out unnecessary allegations or characterizations in form surplusage. Powell et ux. v. Brookfield Pressed Brick & Tile Manufacturing Co., 104 Mo. App. 713; Gilbert v. Fire Brick Co., 214 Mo. App. 207. (2) The instruction in the nature of a demurrer should not have been given. (a) Because the petition as a whole shows the action to be bottomed on the idea of a nuisance. It was not necessary to plead and not necessary to prove the escape of gasses and smoke from defendant's property to plaintiff's property was "unlawfully," "carelessly" or "negligently" done. Gilbert v. Fire Brick Co., supra; Strump v. Loethen, 203 S. W. 238. (b) Because defendant did not file the affidavit required by sec. 1272, R. S. 1919. (3) The court erred in construing plaintiff's petition to be an action for negligence instead of an action for a nuisance. The elements of carelessness, negligence, and unlawfulness, are all as a matter of law in nuisance. (4) Upon the record, said

judgment is erroneous. The evidence amply sustains plaintiff's petition. The defendant never attacked plaintiff's petition. Under the instruction every favorable construction of the petition and evidence should have been accorded plaintiff.

*W. Wallace Fry* for respondent.

(1) The plaintiff, having charged specific negligence, must prove such negligence in order to make a prima-facie case for the jury. Plaintiff failed to make out a prima-facie case against the defendant, and, therefore, defendant's demurrer, asked for at the close of plaintiff's case, was properly given. Motsch v. Standard Oil Co., 223 S. W. 677; Weber v. Valier & Spies Milling Co., 242 S. W. 985; Pogue v. Grunden-Martin Mfg. Co., 273 S. W. 782; Mayfield v. St. L., S. F. Ry. Co., 272 S. W. 1051; Bonnarens v. Lead Belt Ry. Co., 273 S. W. 1043; Carpenter v. Hines, 239 S. W. 593; Harper v. St. L. Merchants B. T. Co., 187 Mo. 586. (2) The amendment of plaintiff's petition would have changed her cause of action. However, even if amended the plaintiff did not make out a case. The negligent acts were still pleaded conjunctively and proof of one act would not have been sufficient.

NIPPER, J.—Plaintiff, who is appellant here, brought suit against the defendant, in the Circuit Court of Audrain County, in which she alleged that she was the owner of certain property located in the city of Mexico, Missouri; that this property consists of a certain lot, on which is located a five-room dwelling house and certain fruit trees and grape-vines; that defendant maintains and operates a brick manufacturing establishment just across the street and a short distance from plaintiff's property where it is engaged in making certain excavations of fire clay; that these excavations and the work of defendant is done by means of steam shovels,

which are in operation both day and night; that these steam shovels consumed large quantities of coal, and in the consumption of such coal generated and emitted large quantities of vapors and sulphurous fumes, poisonous to vegetation, and injurious to paint and paper; that defendant carelessly, negligently, and unlawfully permitted such smoke, vapor, and fumes to escape from its steam shovels close to the surface of the earth without providing means for carrying the same away from plaintiff's property, and has carelessly, negligently, and unlawfully used soft and bituminous coal as fuel which is highly charged with certain detrimental ingredients poisonous and deadly to trees and vegetation as well as paper and paint. On account of these acts it is alleged that plaintiff's property has been damaged in the sum of $1,000, for which amount she asked judgment.

The answer of defendant was a general denial.

The evidence offered on the part of plaintiff tended to substantiate the allegations in her petition, except that it does not appear that the acts of defendant were unlawful or negligent.

At the close of the plaintiff's evidence the defendant asked the court to instruct the jury to return a verdict for defendant, which said instruction the court gave. Prior to giving said instruction, the plaintiff asked leave to amend her petition by striking out the words "carelessly, negligently, and unlawfully" wherever they appeared in the petition. The court refused to allow this amendment, on the theory that to permit this amendment would be to completely change the cause of action, because plaintiff had alleged specific negligence, and could not recover without proving the negligence as charged. The court further gave as a reason for refusing to allow the amendment that there was a difference between a cause of action based on a nuisance, and one for negligence either general or specific.

Learned counsel for defendant seeks to uphold the verdict and judgment of the lower court on the theory that the plaintiff charged specific negligence and failed

to prove such negligence against the defendant, and for that reason the instruction in the nature of a demurrer to the evidence was properly given, and the court did not err in refusing to permit plaintiff to amend her petition in the manner requested. Upon a decision of this question depends the result of this case here.

In an action for damages as a result of injuries sustained by the creation or maintenance of a nuisance, such as is alleged in plaintiff's petition, the question of negligence is not involved, and a failure to show negligence, or a showing by the defendant that there is no negligence, cannot defeat a recovery. [29 Cyc., p. 1155; Schaub v. Perkinson Bros. Const. Co., 108 Mo. App. 122, 82 S. W. 1094; Powell v. Brick & Tile Mfg. Co., 104 Mo. App. 713, 78 S. W. 646; Hoffman v. Walsh, 117 Mo. App. 278, 93 S. W. 853; Stremph v. Loethen (Mo. App.), 203 S. W. 238.] Therefore, plaintiff would not be required to plead negligence in this kind of a case, nor to show that the acts complained of were unlawful, or negligently done. We are mindful of the rule that, where it is necessary to show negligence in order to entitle one to recover damages, plaintiff must prove the specific acts of negligence charged in the petition; and, also, where the petition charges both general and specific negligence plaintiff must recover upon the specific negligence pleaded if a recovery be had. But the facts of this case do not bring it within either of the rules above announced, because negligence was no part of plaintiff's case. It was not necessary for plaintiff to show negligence to make her case, and she should have been permitted to amend her petition by striking out the words "carelessly, negligently, and unlawfully" as requested. It is the rule to allow amendments, and the exception to refuse them, and in this character of case the amendment is permissible. [Gilbert v. Fire Brick Co., 214 Mo. App. 207, 260 S. W. 790; Hoffman v. Walsh, supra; Scalpino v. Smith, 154 Mo. App. 524, 135 S. W. 1000.]

There are cases where it is necessary to show negligence in order to permit a recovery, such as Schindler v.

Standard Oil Co. (Mo. App.), 232 S. W. 735. But this case does not fall within that class.

The judgment of the circuit court is, accordingly, reversed, and the cause remanded. *Daues, P. J.*, and *Becker, J.*, concur.