SCHAUB, Respondent, v. THE PERKINSON BROS. CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, November 1, 1904.

1. INJUNCTION: Nuisance: Negligence. In an action to restrain by injunction the maintenance of a nuisance caused by the blasting of rock by defendant in a quarry adjacent to plaintiff's premises, it was enough for the plaintiff to state facts showing that defendant had created and was maintaining a nuisance, regardless of whether the nuisance was due to negligence in the manner of conducting the work or to the nature of the work done.

2. ———: ———: ———. Where the evidence showed that the quarry was so operated as to throw fragments upon plaintiff's premises and cause vibrations to injure plaintiff's building, but that it could have been operated in a harmless way without such injurious effects, it was proper for the court, in granting an injunction, to limit the relief to restraining the defendant from operating his quarry in a manner that was harmful to the plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) Blasting can not be enjoined merely because it disturbs people or causes vibration. Marven v. Brewster Iron N. Co., 55 N. T. 538. (2) There was no substantial cause of complaint justifying the granting of an injunction. 16 Am. and Eng. Ency. of Law, 363, par. 8. (3) There is no negligence charged in the

petition in this cause, and without it plaintiff has made no case. Booth v. Railroad, 140 N. Y. 267. (4) The decision of the court rests wholly on the negligence of the defendant, which was not charged in the petition. This is erroneous on two grounds: (a) Because negligence not charged in the petition can not be considered an issue on which to give relief. Hogan v. Railway, 150 Mo. 52, 51 S. W. 473; O'Brien v. Western S. Co., 100 Mo. 182, 13 S. W. 402; Bindbeutel v. Railway, 43 Mo. App. 470. (b) Because an issue not made in the pleadings can not be imported into the cause on the trial by evidence or instructions. Glass v. Galvin, 80 Mo. 302; Wright v. Higgins, 44 Mo. App. 642; Wade v. Hardy, 75 Mo. 399; DeDonato v. Morrison, 160 Mo. 591, 61 S. W. 641. (c) Because the decree or judgment must rest on the case made in the petition, however it may be supported by the evidence; otherwise the defendant would be denied due process of law. Daniels Ch. Pr. (Perkins' Ed.), 335; Story's Eq. Pldg., sec. 257; Bump on Fraudulent Conveyance, 585; Reed v. Bott, 100 Mo. 62, 12 S. W. 347, 14 S. W. 1089; Crocket v. Lee, 7 Wheaton (U. S.) 522.

*Kurt Von Reppert* for respondent.

(1) Any business, though lawful itself, which, from the place or manner of carrying it on, materially injures the property of others, or affects their health, or renders the enjoyment of life physically uncomfortable, is a nuisance. Kirchgruber v. Lloyd, 59 Mo. App. 59; Whitfried v. Carrolton, 50 Mo. App. 98; Ellis v. Railway, 63 Mo. 31; Schopp v. St. Louis, 117 Mo. 131, 22 S. W. 898; Givens v. McIllroy, 39 Mo. App. 671; 3 Blackst., Com., 215; 1 Wood on Nuisance, p. 5, cit. 4, p. 6, cit. 2. (2) Negligence and nuisance are not synonymous. (3) What is a nuisance is a question of law (upon the facts in each case). Smith v. McConathy, 11 Mo. 517. (4) Negligence is not a necessary

element to constitute a nuisance. For no one has the legal right to use his own property to the injury of the legal right of another, even if he use the greatest care—in the case at bar a clear trespass upon plaintiff's property. The following cases are on all fours with the case at bar: Scott v. Bay, 3 Md. 431; Hay v. Cahoe Co., 51 Am. Dec. 279; Falkenberg v. Well, 68 S. W. 327. (5) Even were it necessary to allege negligence in the petition; it, having been proven by the evidence introduced (without objections by appellant, no demurrer having been filed to plaintiff's petition, nor was the question raised by objections to the introduction of any testimony offered under plaintiff's petition, and was treated as an issue by appellant), as appellant contends, this court will treat it as an issue upon which the case was tried, and if the court below could, under the law and statute of jeofails, have permitted plaintiff to amend her petition, treat it as having been so amended. Phillipps v. Stewart, 87 Mo. App. 490; Sawyer v. Railway, 156 Mo. 476, 57 S. W. 108; McCrew v. Railway, 87 Mo. App. 254.

### STATEMENT.

The main point on the appeal of this case is whether the judgment entered below against the operation of the defendant's rock quarry in a manner that will annoy and harm the plaintiff was proper under the allegations of the petition. Those allegations, so far as they are pertinent to the point in question, are as follows:

"That the defendant, within one hundred feet of plaintiff's house and premises, unlawfully operates and maintains a quarry, that said quarry maintained and operated is a nuisance in that defendant while maintaining and operating said quarry daily blasts rock or causes rock to be blasted from said quarry, using or causing to be used gunpowder and other explosives in

the blasting of rock; that pieces of rock and stone so blasted as aforesaid are thereby caused to fly and fall on and into plaintiff's house and upon plaintiff's yard in the rear of the house, thereby injuring plaintiff's house and yard; that by reason of the shock so caused by the blasting of the rock in said quarry as aforesaid, plaintiff's house is caused to shake on its foundation, the walls caused to crack, the mortar and plastering caused to fall from the walls; and otherwise seriously injuring the property of the plaintiff. That the value of the property and the rental thereof was greatly impaired thereby; that the noise caused by the blasting of rock with the use of explosives in said quarry maintained and operated by defendant as aforesaid is extreme, continuous, obnoxious and annoying to plaintiff, rendering the enjoyment of her life uncomfortable; that by reason of the rocks and stones caused to fly in and upon plaintiff's house and premises by the blasting of the rock with the use of gunpowder and other high explosives in the operating and maintaining of said quarry by the defendant or agents or servants within one hundred feet of plaintiff's house and premises, plaintiff is caused to have a reasonable apprehension of injury therefrom; that the operating and maintaining of defendant's quarry and the blasting therein as aforesaid by the defendant is extremely hazardous and dangerous to plaintiff's property and her life and that of her family, and that the danger is so great and threatening as to be a constant menace and annoyance to plaintiff and puts her in fear for her life and that of her family."

The judgment entered granted plaintiff $100 by way of damages for injuries already done and the following restraining order:

"It is ordered by the court, adjudged and decreed, that the defendant, its officers, agents and servants, be and they hereby are, and each of them hereby is, perpetually enjoined from so operating its quarry, or causing or permitting its said quarry to be operated, as

to throw rocks, fragments of rocks, or debris, on plaintiff's property and premises, or on the street immediately in front of or adjoining the same; that the defendant, its officers, agents and servants be, and they hereby are, and each of them hereby is, perpetually enjoined from so operating its quarry, or causing or permitting its said quarry to be operated, as to jar or cause to vibrate the property and buildings of plaintiff, so as to injure or damage them.''

At the defendant's request the trial court made the following finding of facts:

''That at the times mentioned in the petition the defendant company so conducted its work of blasting as to cause more or less vibration to the surrounding buildings and to throw fragments of rock and debris upon the plaintiff's premises and in the street in front of same; that persons have been struck and injured and property in the vicinity, including plaintiff's has also been injured; that this is due mainly, if not altogether to carelessness in blasting; that plaintiff is entitled to relief, and that the work of blasting in defendant's quarry can be successfully carried on by the exercise of proper care without injury to plaintiff's property or that of the neighborhood; and thereupon the court finds for the plaintiff and assesses her damages at $100, which the court finds the plaintiff is entitled to recover from defendant and for which she shall have execution, and the court further orders, adjudges and decrees that defendant be restrained from operating its said quarry so as to throw said rocks, fragments of rock or debris upon plaintiff's premises or on the street immediately in front of the same or so as to jar her buildings so as to damage them.''

GOODE, J. (after stating the facts).—The weight of the evidence sustained plaintiff's averment that dirt and fragments of rock were hurled on her premises by the blasting done in defendant's rock quarry and that

her house was shaken thereby so as to render it very uncomfortable. Serious annoyance and damage were shown to have been caused to herself and family by the defendant's acts. The principal contention here is, that under the finding of the trial court that the mischief done was not a necessary consequence of the work in the quarry, but was due to the careless manner in which the blasting was conducted, no relief could be granted on the petition, as it did not aver negligence, nor count on it as a cause of action, but averred, instead, that the work of the quarry was a nuisance regardless of the way it was conducted. This argument takes a strained view of the petition, which neither asserted nor denied that the blasting would necessarily be a nuisance, but simply set forth the bad results that had previously attended it. It was enough for the plaintiff to state facts showing the defendant had created and was maintaining a nuisance. That made a cause of action regardless of whether the nuisance was due to negligence or to the nature of the work done. What an injunction was sought against was a continuance of the work which had annoyed and damaged the plaintiff, without reference to the mode in which it was performed. If the evidence made it apparent, as the trial judge found, that the work could be performed as well without endangering the plaintiff and her family, she was entitled to have the defendant restrained from doing it so it would produce such a consequence. That is to say, if it could be done without creating a nuisance, it was her right to have it done that way; particularly as no prejudicial result to the defendant would follow. The court below found the blasting could be as successfully carried on without casting rocks and debris over plaintiff's premises, and therefore, limited the restriction that was put on the defendant in conducting its business, to the mere requirement that the business should no longer be conducted so as to result in annoyance and loss to the plaintiff. What the court was in-

tent on restraining, and did restrain, was the continuance of an unnecessary nuisance, leaving the defendant free to operate its quarry in an efficient but harmless way, which was found to be entirely feasible. This was right. Whether the nuisance resulted from carelessness or from necessity, it was right to abate it; at least if the defendant would not be prejudiced. As to the latter proviso, his counsel say in their brief, and the testimony bears them out, "The evidence all goes to show that a quarry can be operated without throwing out any stone or causing any vibrations more injurious to a building than the passage of a street car, or in fact, any vibrations; and that were any great vibrations to occur, or if any did occur, or were any stones thrown out of the quarry, it was the result of carelessness on the part of the workmen." The nuisance had been going on for several years at intervals. Shall a court of equity refuse to restrain the disturbance of a family's comfort and the imperilment of their lives by the prosecution of work in their vicinity, when it is conceded the work can be done as successfully in a harmless way? This is the clearest case imaginable for an injunction, and it is not complicated by a question of pleading. Whether the mischief complained of would result from the blasting in any event or was due to the improper mode in which the blasting was done, it constituted a nuisance which the plaintiff ought to be relieved against, unless the injury which would result to the defendant from relieving her would be so exorbitant that, in its discretion, the court ought to refuse an injunction. Courts sometimes do refuse that remedy against a nuisance for such a reason. But the concession that the nuisance in this case had been created and maintained needlessly for several years by doing the blasting in an improper manner, when it could have been done without detriment to the plaintiff or sacrifice of efficiency, freed the court from any embarrassment. A conservative and moderate decree granting injunc-

tive relief, is to be commended when it meets the exigencies of the case; for certainly freedom of action on the part of a citizen ought not to be curtailed more than is necessary for the public welfare or the protection of the rights of some other citizen. These limited injunctions are frequently issued by courts. 2 Beach, Injunctions, sec. 1072. A typical case in the books is one wherein an injunction was asked by an adjoining proprietor against the operation of a brass foundry, and relief having been granted against operating it at all, it was held erroneous; as the mischief to the adjacent proprietor could have been obviated by conducting the operations in a careful and proper manner. It was, therefore, ruled on the appeal that the writ should be modified so as to protect the plaintiff without unduly restraining the defendant. McMenomy v. Baud, 87 Cal. 134.

It should be stated that the evidence in this record of careless and improper blasting was received on the trial without objection, and much of it was introduced by the defendant. The defendant can not complain of the court for taking this evidence into consideration and framing its decree accordingly. Sawyer v. Railway, 156 Mo. 468, 476, 57 S. W. 108.

Our opinion is that the judgment of the lower court was discreet and it is affirmed. All concur.