## LIABILITY FOR INJURY TO SURROUNDING PROPERTY FROM BLASTING.

Circuit Court of Hamilton County.

### SARAH ARMSTRONG v. THE CITY OF CINCINNATI AND THE W. J. GAWNE COMPANY.

Decided, April 3, 1909.

*Blasting—Injury to Surrounding Property from—Creates no Liability in the Absence of Negligence—Charge of Court as to the Degree of Care Necessary in the Use of Explosives in Such Work.*

It is not negligence *per se* to use explosives for blasting, and a charge to the jury in an action for damages to property from blasting in the neighborhood is not erroneous, where the jury are told that "the users of such materials, knowing their explosive power and their destructive tendency, are bound to exercise the highest degree of care in their use."

*A. B. Huston* and *E. H. Williams,* for plaintiff in error.
*Jonas B. Frenkel,* for the City of Cincinnati.
*J. W. Heintzman,* for the W. J. Gawne Company.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

The negligence complained of by plaintiff is that the defendant in error, W. J. Gawne Company, having contracted with the City of Cincinnati to construct for it a tunnel for the purpose of supplying water to said city, in the course of the excavation for the same wrongfully and negligently caused the loosening and removal of earth and rocks by means of blasts and explosions of dangerous and powerful explosive substances, producing great concussion and disruption of the earth, thereby causing her house, cistern, etc., to tremble and become disintegrated, cracked and broken, which resulted to her damage.

It is apparent that a proper complaint of this kind supported by relevant and competent evidence would entitle the plaintiff to recover for damages to her property because of concussions, and the two questions raised upon this issue are:

First.   Whether or not the verdict and judgment are sustained by sufficient evidence.

Second.   Whether or not plaintiff's right to recover depended upon the work being done negligently and the injury was the result of negligence, or upon simply showing that her property was injured.

Upon the first contention we are not prepared to say that the verdict is against the weight of the evidence.

From an examination of the record in this respect, we think the jury might well find that the injury, if any, to plaintiff's property was not caused by the work of the defendants, and having so found this court would be slow to set aside this verdict unless the second ground of error complained of is well taken.

The court charged the jury as follows:

"It is difficult to lay down a hard and fast rule regarding the use of explosives of high power under any and all circumstances.

"However, the users of such materials, knowing their high explosive power and their destructive tendency, are bound to exercise the highest degree of care in their use."

Counsel for plaintiff in error contend that this charge is erroneous for the reason that the use of explosives by any person does not depend upon the question of care, and in support of this question of care, and in support of this contention rely upon the two cases of *Tiffin* v. *McCormick*, 34 O. S., 638, and *Bradford Glycerine Co.* v. *St. Mary's Manufacturing Co.*, 60 O. S., 560.

The first case is one where, in blasting in a stone quarry with powder, fire was thrown upon the property of the injured party which resulted in its destruction.

The second case is where nitroglycerine, a substance usually recognized as highly explosive and dangerous, was stored at a place which was a constant menace to the property in the vicinity and damage resulted from its explosion.

The first case was decided upon the authority of *Hay* v. *Cahoes Co.*, 2d N. Y., 159, and *Tremain* v. *Cohoes Co.*, 2d N. Y., 163.

In such cases the injury sued for was connected with a trespass as when stone or inflammable materials were hurled on adjacent property, and the defendants were usually held liable without regard to care or carelessness in doing the work.

In *Benner* v. *Atlantic Dredging Co.*, 134 N. Y., 156, it was held that injuries to a house from blasting caused merely by the shaking of the earth or pulsation of the air, or both, gave no right of action, in the absence of negligence in doing the blasting; and in *Holland House* v. *Baird*, 169 N. Y., 136, it was held that injury to another's house by a mere concussion without throwing rock or other material on the premises occasioned by blasting on one's own premises in order to adapt them to a lawful use, when that mode is the only proper one and the work is transacted with due care and diligence, creates no liability. The language of the court in this last case is applicable to the present, in that this action is not one of a technical trespass upon the property of another, where proof of negligence in the defendant is unnecessary, but one of consequential injury, where proof of negligence in performance is essential to a cause of action for damages.

This same rule was adopted in the case of *Simon* v. *Henry*, 62 N. J. L., 486, where it was held that a charge to the jury "that

blasting close by a building necessarily would require a high degree of care—perhaps the highest degree of care—to protect the building from injury'' was not erroneous, and if the defendants exercised reasonable care and skill in the use of the explosive, they were not responsible for the damage alleged.  See, also, *Booth* v. *Rome, W. & O. R. R.*, 140 N. Y., 267.

In the recent case of *Thurmond* v. *White Lime Association*, 125 Mo. App., 73, this same rule in regard to negligence is upheld.

We do not think the rule in Ohio in such cases as the one at bar is different, as the cases relied upon in this state by counsel for plaintiff in error are such as where the blasting amounted to a trespass upon the property of the party injured or where a highly explosive or dangerous substance was stored upon one's property which was a constant menace to the property in the vicinity.  We think, therefore, that the charge of the court in this regard was eminently proper.

We do not think the other objections urged by counsel for plaintiff in error appear to have been prejudicial as, under the evidence and the charge of the court, we believe the jury was justified in the determination of the case as reached by it.

Judgment affirmed.