MOLLIE JOHNSON, Respondent, v. KANSAS CITY TERMINAL RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, July 6, 1914.

1. DAMAGES: Real Property: Blasting Rock. The plaintiff sued to recover damages for injury done to her property by the defendant, while blasting with dynamite on its right of way some 500 feet away. The damage was caused by the shocks of the blast to the amount of $300. *Held*, that the injury to the plaintiff's house was caused by a trespass, a wrong of

which negligence is not an ingredient, and that the court did not err in overruling the demurrer to the evidence.

2. ———: ———: ———. One may blast on his own land subject to his obligation to pay damages for an injury which he does in case his blasting involves a direct invasion of the premises of an adjacent proprietor.

3. ———: Trespass: Blasting. Even in the absence of negligence, throwing stones or soil upon the property of another as a result of blasting amounts to an actual trespass.

4. INSTRUCTIONS: Blasting. An instruction which states, that, if the jury believe from the evidence in the case that the plaintiff was the owner of a certain house on Highland avenue in Kansas City, Missouri, and that during the year 1912 and since, the defendant was engaged in building a railroad in the immediate vicinity of her said property, and that in building said railroad it shot off numerous blasts of powder and dynamite which shook and damaged her said house, if it did so shake and damage the same, then the jury will allow her such damages as they shall believe from the evidence was directly caused by said blasts of powder and dynamite not to exceed the sum of three hundred dollars, is not erroneous, for the reason, that defendant was doing a lawful work in an improper manner on its own property and it is liable for the consequential injuries to the property of adjacent proprietors.

Appeal from Jackson Circuit Court.—*Hon. D. E. Bird,* Judge.

AFFIRMED.

*Samuel W. Moore, Samuel W. Sawyer* and *J. R. Bell* for appellant.

(1) The court erred in giving to the jury the instruction requested by the plaintiff. Hosher v. Railroad, 60 Mo. 329; Abbott v. Railroad, 83 Mo. 271; Obert v. Dunn, et al., 140 Mo. 476; Gerst v. St. Louis, 185 Mo. 191; Salmon v. Kansas City, 241 Mo. 38; Handlan v. McManus, 42 Mo. App. 551; Carpenter v. Reliance Realty Co., 103 Mo. App. 491; Hoffman v. Walsh, 117 Mo. App. 278; Thurmond v. White Lime Assc., 125 Mo. App. 73. (2) The court erred in making a prejudicial statement in the presence and hear-

ing of the jury to the effect that counsel for defendant in certain important and material cross-examination was making mountains out of mole hills, and in making certain other prejudicial remarks in connection therewith in the presence of the jury, which statement and remarks were then and there excepted to by defendant. Wright v. Richmond, 21 Mo. App. 76; State v. Turner, 125 Mo. App. 21; Rose v. Kansas City, 125 Mo. App. 223; Landers v. Railroad, 134 Mo. App. 80; State v. Hyde, 234 Mo. 200; 1 Thompson Trials, Sec. 219. (3) The court erred in permitting, time and again, the witness Mollie Johnson, over the objection of the defendant, to state her conclusions as to one of the chief issues in the case, for the jury to decide, and thus invade the province of the jury. Brown v. Plank Road Co., 89 Mo. 152; Roscoe v. Metropolitan St. Ry., 202 Mo. 576; Muff v. Railroad, 22 Mo. App. 584; Watkins v. Railroad, 44 Mo. App. 245; Spalding v. Edina, 122 Mo. App. 65; Landers v. Railroad, 134 Mo. App. 80; Miller v. Town of Canton, 112 Mo. App. 322; Baehr v. Casualty & Ins. Co., 133 Mo. App. 541. (4) The amount of the verdict is not based upon any evidence of the amount of damages to which plaintiffs would be entitled under the law, but is based upon speculation and conjecture and is excessive. White v. Stoner, 18 Mo. App. 540; Graves v. Railroad, 69 Mo. App. 574; Wiggins v. Railroad, 119 Mo. App. 492; Faust v. Pope, 132 Mo. App. 287; Realty Company v. Railroad, 154 Mo. App. 366; Steffens v. Fisher, 161 Mo. App. 386.

*T. B. Buckner* for respondents.

(1) Respondents contend that while the appellants had the legal right to use powder and dynamite in the work of lowering its grades—being done in the heart of a populous city and using a dangerous agency to accomplish its purpose—they are absolutely held

for all the damages which flow from the act, whether negligently done or done in the most careful manner. This is the maxim of *sic utere tuo ut alienum non laedas.* While this is not true in some jurisdictions like New York, it is now the settled law of this State sustained by both reason, justice and authority. In this State it is not even a debatable question. Hoffman v. Walsh, 117 Mo. App. 278; Faust v. Pope, 132 Mo. App. 287; Knight v. Donnelly, 131 Mo. App. 152; Seals v. Whitney, 130 Mo. App. 419; French v. Center Creek Powder Company, 158 S. W. 723; Blackford v. Construction Company, 132 Mo. App. 153; Scalpino v. Smith, 154 Mo. App. 524; Schnetzler v. Excelsior Powder Co., 160 S. W. 282; Salmon v. Kansas City, 241 Mo. 14. (2) Damages will be allowed in this State to either persons or property which result from the use of explosives, although no actual trespass is committed. This is not the law in some States, but it is the settled law in Missouri. Scalpino v. Smith, supra; Blackford v. Construction Co., supra; Schnetzer v. Ex. Powder Co., supra; French v. Center Powder Co., supra.

JOHNSON, J.—Plaintiff sued in a justice court to recover damages to her house caused by the blasting of rock by defendant in deepening a cut for its railroad. The statement alleged "that in making said cut said defendant had to cut through an enormous ledge of rock; that during the year 1912 and since the said defendant so carelessly and negligently performed said work that it shot off numerous blasts of powder and dynamite which said blasts shook the entire neighborhood for blocks around . . . and shook the said plaintiff's house and damaged the same. . . . That all said damages were caused by the negligence of defendant as aforesaid and by reason of the premises plaintiff has been damaged in the sum

of $300," etc. Plaintiff recovered judgment in the circuit court for $300 and defendant appealed.

The home of plaintiff is in a well-settled residence portion of Kansas City, about 500 feet south of defendant's railroad. In lowering the tracks defendant had to deepen a cut through hard rock and resorted to extensive blasting with dynamite. From the evidence of plaintiff it appears that some of the explosions were much greater than others and that the vibrations of the earth produced by them greatly damaged her house and endangered the safety of its occupants. The evidence of defendant tends to show that the explosions were not unusual, were necessary to the proper performance of the work and that defendant acted with reasonable care both in loading and firing the shots.

The court overruled defendant's demurrer to the evidence and at the request of plaintiff instructed the jury "that if they believe from the evidence in the case the plaintiff was the owner of a certain house on Highland avenue in Kansas City, Missouri, and that during the year 1912, and since, the defendant was engaged in building a railroad in the immediate vicinity of her said property, and that in building said railroad it shot off numerous blasts of powder and dynamite which shook and damaged her said house, if it did so shake and damage the same, then the jury will allow her such damages as they shall believe from the evidence was directly caused by said blasts of powder and dynamite not to exceed the sum of three hundred dollars."

And the court refused to instruct the jury that defendant "had the right to blast upon its own property in adapting it to the purpose for which it was intended to be used and if the defendant exercised due care in conducting the blasting, it is not liable to the plaintiff for any damage or injury which might

have resulted to the plaintiff's property because of such blasting."

Defendant argues that the demurrer to the evidence should have been sustained on the ground that no negligence in loading or firing the blasts is shown and that the court erred in its rulings on the instructions for the reason that defendant was doing a lawful work in a proper manner on its own property and cannot be held liable for consequential injuries to the property of adjacent proprietors.

The pivotal question for decision is whether a railroad company must answer in damages for injuries caused to neighboring property by necessary blasting on its premises, carefully executed, or may be held liable only in cases where negligence is pleaded and proved.

The work of blasting rock being absolutely necessary to the construction of many improvements, both of a public and a private character, cannot be regarded under all circumstances as a nuisance, *per se,* and condemned as being negligent as a matter of law. It is a lawful work which either a public or private proprietor may have done upon his land, his obligation to persons on his land being merely to exercise reasonable care in the performance of such dangerous but useful and lawful work. There are many authorities which go further and hold that his duty towards the owners or occupants of property in the vicinage is no greater.

In Booth v. Railroad, 140 N. Y. 267—a case similar to the one in hand—the court held that no negligence being pleaded or proved, the adjacent proprietor whose house was injured solely by the vibratory forces of the blasting, had no cause of action. The court observed: "To exclude the defendant from blasting to adapt its lot to the contemplated uses, at the instance of plaintiff, would not be a compromise between conflicting rights, but an extinguishment of the

Johnson v. Railroad.

right of the one for the benefit of the other. This
sacrifice, we think, the law does not exact. Public
policy is promoted by the building up of towns and
cities and the improvement of property. Any unnec-
essary restraint on freedom of action of a property
owner hinders this. The law is interested also in
the preservation of property and property rights from
injury. Will it in this case protect the plaintiff's house
by depriving the defendant of his right to adapt his
property to a lawful use, through means necessary,
usual and generally harmless? We think not.''

It is interesting to note that in distinguishing the
case of Hay v. Cohoes County, 2 N. Y. 159, the court
pointed out that that was a case where the explosion
in question cast rocks on the neighboring land, there-
by effecting a physical invasion or trespass. Inferen-
tially, at least, the opinion approved the doctrine of
the Hay case and on careful analysis, the decision that
the injury of the plaintiff in the Booth case was *dam-
num absque injuria* will be found to rest upon the
startling proposition that one who exercises reason-
able care in blasting rock on his own premises for a
useful purpose may shake his neighbor's house down
but must not batter it with stones or other missiles.
That the one act would not constitute a physical in-
vasion or ''technical trespass'' while the other would.

We find ourselves unable to grasp this distinction,
and we cannot sanction the view that a proprietor may
keep within the bounds of proprietary rights and per-
form his duty towards his neighbor by liberating de-
structive forces which he knows will invade his neigh-
bor's land and do havoc there. The thrown missile is
but an instrument of the lawless force which, itself,
is the invader. By whatever means it intrudes it is
none the less a trespasser and the person who calls
it into being cannot be heard to excuse himself on the
plea that he needed its services in his own affairs
which could not properly be served otherwise.

In Hoffman v. Walsh, 117 Mo. App. 278, we said: "It would be against every conception of right reason to hold that one proprietor can blast rock upon his own premises and throw them upon that of his neighbor and excuse himself on the ground that he was in the exercise of due care in so doing. It amounts to a plea of justification for the trespass. That is, that the trespass or nuisance was done without negligence, but with care and skill." And we quoted with approval from 1 Thompson on Negligence (2 Ed.), page 705, to the effect that one may blast on his own land "subject to his obligation to pay damages for any injury which he does in case his blasting involves a direct invasion of the premises of an adjacent proprietor." Among the cases in this State which hold that injurious concussions or vibrations constitute such direct invasion are: Scalpino v. Smith, 154 Mo. App. 524; Faust v. Pope, 132 Mo. App. 287; French v. Mfg. Co., 173 Mo. App. 220, 158 S. W. 723; Schnitzer v. Manufacturing Co., 160 S. W. 282; Blackford v. Cons. Co., 132 Mo. App. 157.

In the case last cited the St. Louis Court of Appeals affirmed the judgment of the circuit court enjoining the defendant from such blasting as would jar plaintiff's buildings and cause them to shake and vibrate, as well as from such as would throw stones on plaintiff's premises. That case is also authority for the doctrine that where explosions "are employed for blasting purposes contiguous to another's property in a large city such must be regarded as an unreasonable, unnatural and unusual use of his property. Such unreasonable use of property to the substantial impairment of the rights of another, will authorize either injunctive relief as against a nuisance, or an action at law for resulting damages, even though the calling is entirely lawful and it is prosecuted with the utmost care and skill. In such circumstances, the question of negligence is entirely beside the case. Although de-

fendants have, beyond a doubt, the right to quarry stone on their property, the plaintiff enjoys the right to undisturbed possession of his home. If these rights conflict, the right to operate the quarry must yield to the latter, which, in the eye of the law, is the more important of the two, for upon grounds of public policy, it is better than one man should surrender a particular use of his land than that another should be deprived of the beneficial use of his property altogether, which would result, if the privilege of the quarry should be wholly unrestricted. Even in the absence of negligence, throwing stone or soil upon the property of another as a result of blasting, amounts to an actual trespass. [Colton v. Onderdonk, 69 Cal. 155; Hay v. The Cohoes Co., 2 N. Y. 159; Tremain v. The Cohoes Co., 2 N. Y. 163; Fitz Simons v. Braun, 199 Ill. 390; Tiffin v. McCormick, 34 Oh. St. 638; Glycerine Co. v. St. Mary's Woolen Manufacturing Co., 60 Oh. St. 560; Schaub v. Parkinson Bros. Const. Co., 108 Mo. App. 122, 82 S. W. 1094; Regina v. Mutters, Leigh & Caves C. C. 491; Monroe v. Dredging Co., 84 Cal. 515; Thurmond v. Ash Grove, etc. Co., 125 Mo. App. 73, 77, 102 S. W. 617; 12 Am. & Eng. Encyc. Law (2 Ed.), 508, 9, 10; 1 Thompson, Com. on Neg., 764.]"

We quote at length from this case for the reason that, in effect, it overrules the doctrine of the earlier decision of that court in Thurmond v. White Lime Ass'n, 125 Mo. App. 73, which held that if the invasion were casual it should be regarded as *damnum absque injuria* in the absence of proof of a negligent origin.

Our conclusion is that the injury to plaintiff's house was caused by a trespass, a wrong of which negligence is not an ingredient, and that the court did not err in overruling the demurrer to the evidence, nor in the instruction of the jury. Other points raised by defendant are clearly without merit and will not be discussed.

The judgment is affirmed. All concur.